# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARPER CONSTRUCTION COMPANY, INC.; HARPER MECHANICAL CONTRACTORS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 18-cv-00471-BAS-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 43); AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND (ECF No. 44)** |

There are two motions presently before the Court—Defendant's Motion for Judgment on the Pleadings and Plaintiffs' Motion for Leave to Amend. (Mot. for J. on the Pleadings ("Def.'s Mot."), ECF No. 43; Mot. for Leave to Amend ("Pls.' Mot."), ECF No. 44.) The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d). For the following reasons, the Court orders that Defendant's Motion be **GRANTED IN PART AND**

**DENIED IN PART** and that Plaintiffs' Motion be **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

The Court has set forth the detailed background of this case in its Order Granting Partial Summary Judgment and will only address those facts that are relevant to the motions presently before the Court. (*See* Partial Summ. J. Order at 2–7, ECF No. 30.) Plaintiff Harper Construction Company, Inc., and Plaintiff Harper Mechanical Contractors, LLC, (hereafter "Plaintiffs") constructed a multi-million-dollar training facility for the U.S. Army. Within two years of the project's completion, the Government discovered defects in the facility, and demanded that Plaintiffs investigate the defects and perform any necessary repairs on the facility. Plaintiffs obliged the Government's request and incurred approximately $2 million in costs in the process. National Union Fire Insurance Company of Pittsburgh, PA ("Defendant") issued Harper Construction a commercial general liability policy that also named the other Plaintiff, Harper Mechanical, as an insured. Plaintiffs filed a claim with Defendant on April 2, 2015, and received a denial from it on March 27, 2017.

Plaintiffs filed suit against Defendant in California state court on January 30, 2018, alleging both contract and fraud claims. (Compl., ECF No. 1-2.) Defendant answered Plaintiffs' Complaint in state court and subsequently removed the suit to this Court on March 5, 2018. (Pls.' Opp'n, Ex. 1, ECF No. 45-1; Notice of Removal, ECF No. 1.) On August 27, 2018, Defendant moved for partial summary judgment, asking this Court to grant summary judgment with respect to Plaintiffs' contract claims. (ECF No. 16-1.) The Court granted summary judgment on Plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief on March 28, 2019. (Partial Summ. J. Order at 31.) The parties now bring separate motions for judgment on the pleadings and leave to amend. The Court will consider each of these motions in turn.

## II. DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

In its Motion for Judgment on the Pleadings, Defendant asks this Court to dismiss Plaintiffs' remaining causes of action for intentional misrepresentation, negligent misrepresentation, and promise without intent to perform, as well as Plaintiffs' claim for punitive damages. (*See* Def.'s Mot. at 6, 8, 21–22.) Additionally, Defendant seeks judgment on the pleadings for its claims for declaratory relief in its Counterclaim against Plaintiffs. (*Id.* at 21; *see* Countercl. ¶¶ 42–44, 45–47, 51–53, ECF No. 4.) Defendant makes two main arguments regarding Plaintiffs' remaining causes of action. (*See* Def.'s Mot. at 8–21.) First, Defendant argues that the Court's order granting its Motion for Partial Summary Judgment means that Plaintiffs' claims fail as a matter of law. (*See id.* at 8–17.) Second, Defendant argues that Plaintiffs' Complaint does not meet the heightened pleading standard required for fraud claims by Federal Rule of Civil Procedure 9(b). (*See id.* at 17–21.) Similarly, Defendant seeks judgment on the pleadings for the first, second, and fourth causes of action for declaratory relief in its Counterclaim on the grounds that "the Court has already ruled in [Defendant's] favor on all relevant legal issues in granting the [partial summary judgment motion]." (*Id.* at 21.) The Court will consider each of these issues in turn.

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and brackets omitted) (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "When a party invokes Rule 12(c) to raise the defense of failure to state a claim, the motion faces the same test as a motion under Rule 12(b)(6)." *Landmark Am. Ins. Co. v. Navigators Ins. Co.*, 354 F. Supp. 3d 1078, 1081 (N.D. Cal. 2018).

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency" of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### B. Applicability of Previous Order

Defendant's primary argument supporting its Motion for Judgment on the Pleadings is that the Court's Order Granting Partial Summary Judgment necessarily means that Plaintiffs' remaining claims fail as a matter of law. (*See* Def.'s Mot. at 8–17.) The essence of Defendant's argument is that all of Plaintiffs' claims contain a requirement of "justifiable reliance" and that this Court's Order "finds that Harper did not reasonably rely on National Union's conduct in expecting coverage." (*Id.* at 8; *see id.* at 9.) In Defendant's view, "the Court's determination therefore similarly applies to the elements of the remaining causes of action requiring reasonable reliance on misrepresentation." (*Id.*) In effect, Defendant asks the Court to apply its previous Order to Plaintiffs' Complaint and rely on it in dismissing all remaining claims. (*See id.* at 8–17.)

However, Defendant moved for judgment on the pleadings—not summary judgment. Federal Rule of Civil Procedure 12(d) states that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as for summary judgment under Rule 56." The Ninth Circuit has reiterated that "[j]udgment on the pleadings is limited to material included in the pleadings" and that the decision whether to convert a motion for judgment on the

pleadings into one for summary judgment lies within the court's discretion. *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 925 n.6 (9th Cir. 2011) (citations omitted). Further, as the Court has already noted, the judgment on the pleadings standard requires the Court to "accept[] all factual allegations in the complaint as true" and "construe[] [them] in the light most favorable to the nonmoving party." *Chavez*, 683 F.3d at 1108 (internal quotation marks and brackets omitted); *Cahill*, 80 F. 3d at 338 (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)).

In addition, Plaintiffs' fraud claims were not before the Court when it considered Defendant's Motion for Partial Summary Judgment. (*See* Def.'s Mot. for Partial Summ. J., ECF No. 16; Partial Summ. J. Order.) Rather, that motion centered on Plaintiffs' contract claims. (*See id.*) Though Defendant argues that the Court's conclusions regarding Plaintiffs' contract claims apply to Plaintiffs' tort claims, the Court did not make any such determination in its previous order.[1] (Def.'s Mot. at 8–17; *see* Def.'s Mot. for Partial Summ. J.; Partial Summ. J. Order.)

As a result, the Court cannot consider its Order Granting Partial Summary Judgment—or the evidence that supported this Order—without converting Defendant's Motion to a motion for summary judgment. In its Reply, Defendant requests that its Motion be converted if the Court feels it is necessary. (*See* Def.'s Reply at 6 n.1.) While there is little doubt that a motion for summary judgment is the more appropriate procedure for addressing these issues, since the decision whether to convert the Motion is discretionary, the Court declines Defendant's invitation. *See Yakima*, 654 F.3d at 925 n.6; Fed. R. Civ. P. 12(d). The parties agreed to stay discovery while Defendant moved for partial summary

---

[1] Additionally, Defendant argues that the Court should apply its previous order to this motion under the law of the case doctrine. (*See* Def.'s Reply at 4–5.) However, "[l]aw of the case does not reach a matter that was not decided." 18B Wright & Miller, *Fed. Prac. & Proc.* § 4478 (2d ed. 2019); *see also Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979) ("The doctrine of law of the case comes into play only with respect to issues previously determined."). Here, the Court's order addressed Plaintiffs' contract claims, not their tort claims. (*See* Partial Summ. J. Order.) As a result, the law of the case doctrine does not cover Plaintiffs' tort claims because they were not "previously determined." *See Quern*, 440 U.S. at 347 n.18.

judgment. (Pls.' Mot. at 3 (citing Pls.' Mot., Ex. 1 ¶ 10).) As such, Plaintiffs have not had the benefit of conducting any discovery on the merits of their fraud claims and did not have fair notice that Defendant would move against these claims before the start of discovery. Therefore, the Court will consider Defendant's Motion strictly within the confines of the judgment on the pleadings standard, though the Court notes that Defendant is not foreclosed from raising these arguments on a motion for summary judgment. Accordingly, the Court rejects Defendant's argument that Plaintiffs' remaining claims fail because Plaintiff cannot demonstrate justifiable reliance or that Defendant made false representations in light of the Court's prior order.

### C. Rule 9(b)

In the alternative, Defendant argues that Plaintiffs' claims for intentional misrepresentation, negligent misrepresentation, and promise without intent to perform fail to meet the heightened pleading standard required by Federal Rule of Civil Procedure 9(b) and should therefore be dismissed.[2] (Def.'s Mot. at 17.) Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9(b)'s heightened "particularity" standard applies whenever fraud is alleged. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–05 (9th Cir. 2003). However, if a plaintiff alleges "some fraudulent and some non-fraudulent conduct," then "only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements." *Id.* at 1104. The Ninth Circuit has noted that Rule 9(b) has three primary purposes. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th

---

[2] Plaintiffs argue that Defendant has waived its right to challenge Plaintiffs' Complaint under Rule 9(b) because Defendant "answered [Plaintiffs'] Complaint without ever raising this Rule 9(b) issue." (Pls.' Opp'n. at 9.) Plaintiffs support this argument by citing to various district court decisions. (*See id.*) Defendant counters by arguing that it answered in state court rather than federal court and that the cases cited by Plaintiffs are inapposite "because they discuss raising a Rule 9(b) defense in a motion for summary judgment, not a motion for judgment on the pleadings." (Def.'s Reply at 6 (footnote omitted).) While the Court cautiously views the notion that a pleading standard like the one espoused in Rule 9(b) can be waived, it need not decide that issue in this case because the Court concludes Plaintiffs' allegations are sufficient even under Rule 9(b)'s heightened standard.

- 6 -

18cv0471

Cir. 2009). First, Rule 9(b) seeks to ensure that defendants have sufficient notice of what they must defend against. *See id.*; *Vess*, 317 F.3d at 1106 (citations omitted). Second, Rule 9(b) aims to protect defendants from unnecessary reputational harm that may result from fraud allegations. *See Kearns*, 567 F.3d at 1125. Third, it is designed to prevent the unilateral imposition of "enormous social and economic costs absent some factual basis." *Id.* (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)).

"To properly plead fraud with particularity under Rule 9(b), 'a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1110 (9th Cir. 2017) (quoting *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).[3]

### 1. Intentional Misrepresentation and Promise Without Intent to Perform

Defendant argues that the Complaint's "allegations do not provide the requisite details regarding the specific content of the misrepresentations in the correspondence between Harper and National Union. Harper also fails to specifically allege the time these alleged misrepresentations were made." (Def.'s Mot. at 20.) Plaintiffs contest these arguments. (*See* Pls.' Opp'n at 9–11, ECF No. 45.) They argue that their allegations are "more than adequate to put [Defendant] on notice of" their claims. (*Id.* at 10.) Further,

---

[3] Defendant argues that there are additional pleading requirements for a "corporate defendant" and cites to authority from the Central District of California as support. (Def.'s Mot. at 18 (citing *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1107 (C.D. Cal. 2015)).) The Court notes that *UMG Recordings* cited to a case from the Northern District of California, which in turn cited to a California Court of Appeal case. *See Flowers v. Wells Fargo Bank, N.A.*, No. C 11-1315 PJH, 2011 WL 2748650, at *6 (N.D. Cal. July 13, 2011); *Tarmann v. State Farm Mut. Auto. Ins.*, 2 Cal. App. 4th 153, 157 (1991). The relevant state court decision specifies additional requirements for pleading fraud against a corporation under California law. *Tarmann*, 2 Cal. App. 4th at 157 (collecting cases). However, the Ninth Circuit has held "that Rule 9(b)'s particularity requirement applies to state-law causes of action," and that "the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess*, 317 F.3d at 1103 (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985)). As a result, the Court does not consider California's specificity requirements in determining the sufficiency of Plaintiffs' Complaint under Rule 9(b). *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).

Plaintiffs contend that Defendant's appraisal of the claims can be inferred "because [Defendant] filed an answer and moved for summary judgment on [Plaintiffs'] cause of action for declaratory relief which was based on the same or similar allegations." (*Id.*)

The Court finds that Plaintiffs have met Rule 9(b)'s pleading requirements for the following reasons. In asserting their claim for intentional misrepresentation, Plaintiffs use ten paragraphs to detail their allegations. (*See* Compl. ¶¶ 46, 47(a)–(c), 48–52.) In these allegations Plaintiffs meet the "who, what, when, where, and how" requirements of Rule 9(b). (*See id.*) *See Davidson*, 873 F.3d at 1110 (citations omitted); *Kearns*, 567 F.3d at 1124 (quoting *Vess*, 317 F.3d at 1106). For example, Plaintiffs identify "the who"—"Defendant and its employee, Patrick Espey"—several times in their allegations. (*See* Compl. ¶¶ 47, 47(a), 47(b), 47(c).) Plaintiffs also identify the "what" by asserting that Defendant "misrepresented the coverage afforded under the policy," that Defendant "knew that the representations were false at the time they were made," and that "Defendant promised to pay sums which Plaintiffs became legally obligated to pay as damages . . . and further promised to defend Plaintiffs in any claim or suit against them on account of such property damage, bodily injury, or personal injury." (*Id.* ¶ 47(a).) Further, Plaintiffs allege "Defendant knew that Plaintiffs had purchased the Policy . . . for the purpose of coverage for losses such as the U.S. Government's Demand" and that "Defendant misrepresented the scope of coverage at the time that Plaintiffs purchased the Policy." (*Id.*) Additionally, Plaintiffs allege that "Defendant . . . misrepresented that [it] was conducting a thorough, fair, and unbiased investigation" into Plaintiffs' insurance coverage "for over two-and-a-half years." (*Id.* ¶ 47(b).) Plaintiffs also contend that these misrepresentations respectively occurred either "at the time" of purchase of the Policy, (*id.* ¶ 47(a)), or "during the time between Plaintiffs' tender of the Demand and the March 27, 2017 disclaimer of coverage," (*id.* ¶ 47(c)). These allegations support the "when" requirement.

Finally, Plaintiffs assert that "[t]he misrepresentations are verbal, written, and/or implied by conduct of Defendant and its employee, Patrick Espey," that "Patrick Espey requested updates on the amount of the costs Plaintiff Harper Construction incurred," and

that "Patrick Espey also advised Jeffrey Harper at Harper Construction that he was working on obtaining policy benefits." (Compl. ¶ 47(a), (c).) These allegations satisfy the "where" and "how" requirements. The Court also finds that the three purposes of Rule 9(b) as stated by the Ninth Circuit in *Kearns v. Ford Motor Co.* would not be undermined by a finding that Plaintiffs have "state[d] with particularity the circumstances constituting fraud or mistake." *See* 567 F.3d at 1125; Fed. R. Civ. P. 9(b).

With respect to Plaintiffs' claim for promise without intent to perform, Plaintiffs rely on many of the same allegations they expressed in their claim for intentional misrepresentation. (*Compare* Compl. ¶ 47(c), *with id.* ¶ 61.) For example, Plaintiffs' assertion of the "who . . . when, where, and how" of the alleged misrepresentation is largely identical between the two claims. (*See id.*) The only substantive difference between Plaintiffs' respective pleading of these requirements is that Plaintiffs supplement the "when" by stating "[a]t the time Plaintiffs purchased the Policy or Policies, Plaintiffs were unaware of Defendant's intention not to perform." (*Id.* ¶ 60.) Thus, the Court's determination regarding Plaintiffs' pleading of these requirements in their claim for intentional misrepresentation applies with equal force to Plaintiffs' claim for promise without intent to perform.

With respect to the remaining requirement, the "what," Plaintiffs allege: "Defendant issued the Policy or Policies without intending to perform obligations due under the Policy or Policies. Defendant's intent not to perform at the time the Policy or Policies were issued is inferable from the manner in which Defendant and its employee, Patrick Espey, handled Plaintiffs' claim." (Compl. ¶ 60.) In their Opposition, Plaintiffs emphasize Rule 9(b)'s statement that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally" and provide precedent from the Fourth Circuit as support. (*See* Pls.' Opp'n at 9, 10 (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 780 (4th Cir. 1999).) However, the Ninth Circuit has "held that the plausibility analysis of *Twombly* and *Iqbal* applies equally to Rule 9 as it does to Rule 8." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 n.5 (9th Cir. 2014) (quoting *Cafasso*, at

1055). As a result, "although the language of Rule 9 poses no barrier in itself to general pleading of fraudulent intent, *Twombly* and *Iqbal*'s pleading standards must still be applied to test complaints that contain claims of fraud." *Id.* Thus, the relevant question is whether Plaintiffs' allegations "plausibly give rise to an entitlement to relief." *See Ashcroft*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 (stating that pleadings "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986))). The Court also notes the Ninth Circuit's requirement that when a plaintiff and defendant both set forth plausible explanations, "[p]laintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *implausible*." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). After considering the foregoing principles and evaluating Plaintiffs' pleading, the Court concludes that Plaintiffs' assertions in Paragraph 60 of their Complaint plausibly allege the "what" requirement and meet the requirements of Rule 9(b) and *Twombly* and *Iqbal*. (*See* Compl. ¶ 60.) *See Davidson*, 873 F.3d at 1110; Fed R. Civ. P. 9(b); *see also Twombly* 544 U.S. at 555–56; *Iqbal*, 556 U.S. at 679. Accordingly, Defendant's Motion for Judgment on the Pleadings with respect to Plaintiffs' claims for intentional misrepresentation and promise without intent to perform is **DENIED**.

### 2. Negligent Misrepresentation

In addition to their claims for intentional misrepresentation and promise without intent to perform, Plaintiffs allege negligent misrepresentation in their Complaint. (Compl. ¶¶ 53–58.) Defendant argues that Rule 9(b)'s "particularity" standard applies to claims of negligent misrepresentation. (Def.'s Mot. at 18–19.) Defendant supplies several district court cases to support this argument and states that the Ninth Circuit has not addressed the applicability of Rule 9(b) to this type of claim.[4] (*See id.*)

---

[4] While the Court is unaware of a published Ninth Circuit opinion addressing this issue, it does note a relevant unpublished decision, *Puri v. Khalsa*, 674 F. App'x 679 (9th Cir. 2017). In *Puri*, the Ninth Circuit applied Rule 9(b) to a claim of negligent misrepresentation. *See id.* at 689.

Plaintiffs disagree, countering that "the Ninth Circuit reversed the dismissal of a claim for failure to satisfy Rule 9(b) because it was error to apply a heightened pleading standard to allegations that the defendant '"negligently" failed to disclose' information." (Pls.' Opp'n at 12 (quoting *Vess*, 317 F.3d at 1106).) In *Vess*, the Ninth Circuit "reverse[d] the district court's dismissal of the entirety of Vess's complaint" under Rule 9(b) because "many of Vess's allegations describe[d] non-fraudulent conduct." 317 F.3d 1106. However, the Court need not determine whether the *Vess* court held that Rule 9(b) is inapplicable to claims of negligent misrepresentation because the Court finds that Plaintiffs' pleading of negligent misrepresentation meets Rule 9(b)'s requirements.

Recall that under Rule 9(b) "a pleading must identify the who, what, when, where, and how of the misconduct charged." *Davidson*, 873 F.3d at 1110 (quoting *Cafasso*, 637 F.3d at 1055). As was the case with Plaintiffs' claim of promise without intent to perform, Plaintiffs' allegations of the "who . . . when, where, and how of the misconduct charged" for their negligent misrepresentation claim are identical to Plaintiffs' allegations for their intentional misrepresentation claim. *See id.* (*Compare* Compl. ¶¶ 47(a)–(c), 48, *with id.* ¶¶ 54(a)–(c), 55.) Since the Court found these allegations were satisfactory for Plaintiffs' other claims, that conclusion applies here as well. *See supra* Section II.C.1. That leaves the "what" as the only particularity requirement for the Court to consider here. The Complaint states that:

> Plaintiffs are informed and believe and thereon allege that Defendant and its employee, Patrick Espey, made representations regarding the coverage afforded under the Policy or Policies, as well as the terms and conditions therein, without reasonable grounds for believing them to be true. The misrepresentations are verbal, written, and/or implied by the conduct of Defendant and its employee, Patrick Espey.

(Compl. ¶ 54.) Additionally, Plaintiffs allege that:

> Defendant misrepresented the scope of coverage at the time that Plaintiffs purchased the Policy or Policies. Defendant knew that Plaintiffs purchased the Policy or Policies for the purpose of coverage for losses such as the U.S. Government's demand. Defendant had no reasonable grounds to believe that

- 11 -

> the benefits under the Policy or Policies would be paid and sold Plaintiffs the Policy or Policies anyway for a substantial premium(s).

(*Id.* ¶ 54(b).) These allegations are "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *See Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). Accordingly, Defendant's Motion for Judgment on the Pleadings with respect to Plaintiffs' negligent misrepresentation claim is **DENIED**.

### D. Defendant's Counterclaim

Defendant also moves for judgment on the pleadings for three of the causes of action for declaratory relief it raised in its Counterclaim.[5] (Def.'s Mot. at 21.) Plaintiffs appear to have neglected to respond to Defendant's Motion. (*See* Pls.' Opp'n.) Under the Ninth Circuit's standard, "a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) (citation omitted). Here, Plaintiffs' Answer raises forty affirmative defenses, including failure to state a claim and statute of limitations. (*See* Pls.' Answer at 14–23, ECF No. 11.) As a result, it would be inappropriate for the Court to grant Defendant's motion. *See Gen. Conference of Seventh-Day Adventists*, 887 F.2d at 230; *see also Pit River Tribe v. BLM*, 793 F.3d 1147, 1159 (9th Cir. 2015). Accordingly, Defendant's Motion for Judgment on the Pleadings for its Counterclaim is **DENIED**.

---

[5] Defendant once again relies on the Court's Order Granting Partial Summary Judgment as the main support for its argument that it is entitled to judgment on the pleadings for its Counterclaim. (*See* Def.'s Mot. at 21.) The Court has already determined that it will not consider the Order and its underlying evidence on a motion for judgment on the pleadings and declined the opportunity to convert this motion into one for summary judgment. *See supra* Section II.B. The Court again declines to consider the Order here for the same reasons.

### E. Punitive Damages

Finally, Defendant challenges the sufficiency of Plaintiffs' pleading of punitive damages. (Def.'s Mot. at 21.) Defendant argues that Plaintiffs only plead "conclusory allegations without any facts to support [their] assertion." (*Id.* at 22.) When a defendant seeks the dismissal of a prayer for relief, a motion under Federal Rule of Civil Procedure 12(f) is ordinarily the appropriate procedural tool. *See Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC,* No. 07-cv-912-IEG (BLM), 2007 WL 2206946, at *7 (S.D. Cal. July 27, 2007). However, when a defendant challenges the sufficiency of the underlying allegations that support punitive damages, Rule 12(b)(6) is the correct procedural tool. *Id.* at *7 n.11 (citing *Parker v. Fid. Sec. Ins. Co.*, No. CIV F 06-654 AWI DLB, 2006 WL 2190956, at *5–6 (E.D. Cal. Aug 1, 2006)).

Plaintiffs respond that they have alleged sufficient facts to support their claims for fraud and that therefore their assertion of punitive damages is also sufficient. (Pls.' Opp'n at 12.) In their Complaint, Plaintiffs seek punitive damages under California Civil Code Section 3294. (Compl. ¶¶ 52, 65.) Section 3294 provides that a plaintiff may recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). However, this is not the only requirement under California law that must be met to qualify for punitive damages here. *See, e.g.*, *id.* § 3294(b). A request for punitive damages against a corporation must include allegations relating to the corporation's officers, directors, or managing agents. *See id.* Further, "a company simply cannot commit willful and malicious conduct–only an individual can." *Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*, No. 14-cv-00362-BLF, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014). To this effect, the California Court of Appeal has held that "the oppression, fraud, or malice must be perpetrated, authorized, or knowingly ratified by an officer, director, or managing agent of the corporation." *Wilson v. S. Cal. Edison Co.*, 234 Cal. App. 4th 123, 164 (2015) (citing Cal. Civ. Code § 3294(b)).

Plaintiffs seek punitive damages for two of their remaining claims—intentional misrepresentation and promise without intent to perform—and set forth the same set of allegations for both claims. (Compl. ¶¶ 52, 65.) Those allegations state the following:

> Plaintiffs are informed and believe and thereon allege that the conduct of Defendant was done with a conscious disregard of Plaintiffs' rights and with the intent to vex, injure, or annoy Plaintiffs so as to constitute oppression, fraud, malice and despicable conduct under California Civil Code §3294, entitling Plaintiffs to punitive damages in an amount appropriate to set an example of Defendant.

(*Id.* ¶¶ 52, 65.) Clearly, Plaintiffs have not made any allegations describing or relating to the conduct of "an officer, director, or managing agent of" Defendant. *See* Cal. Civ. Code § 3294(b). As such Plaintiffs have failed to plead information necessary to sustain a claim for punitive damages. *See Taiwan Semiconductor Mfg. Co.*, 2014 WL 3705350, at *6 ("Plaintiff's failure, then, to include the names or titles of *any* individual actor is a fatal defect in its pleading of 'willful and malicious' conduct." (citing *Xerox Corp. v. Far W. Graphics, Inc.*, No. C-03-4059-JFPVT, 2004 WL 2271587, at *2 (N.D. Cal. Oct. 6, 2004))). Finally, "[c]ourts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997) (quoting *Moran v. Peralta Cmty. Coll. Dist.*, 824 F. Supp. 891, 893 (N.D. Cal. 1993)). Because it is possible that Plaintiffs may be able to allege facts to support punitive damages, and Plaintiffs have not previously amended their pleading, the Court grants Plaintiffs leave to amend this claim.

Accordingly, Defendant's Motion for Judgment on the Pleadings with respect to Plaintiffs' claim for punitive damages is **GRANTED**. However, the Court also grants Plaintiffs **LEAVE TO AMEND** their assertion of punitive damages.

### III. PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Plaintiffs seek leave to add a reformation claim to their Complaint. (Pls.' Mot. at 1, 4–6, ECF No. 44; Pls.' Proposed First Am. Compl. ("FAC") at 19, 20–21, ECF No. 44–

2.) Defendant opposes Plaintiffs' Motion on two relevant grounds. (*See* Def.'s Opp'n, ECF No. 46.) First, Defendant claims that Plaintiffs' reformation claim is barred by the applicable statute of limitations. (*Id.* at 6–10.) Second, Defendant argues that Plaintiffs' Motion is futile in that their proposed amended complaint fails to state a claim. (*Id.* at 10–16.)

### A. Legal Standard

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend its complaint once as a matter of course within specified time limits. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* 15(a)(2).

Nevertheless, "[i]n deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Further, the court has discretion when considering the aforementioned factors. *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045 (9th Cir. 2015). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Finally, "[l]eave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore*, 885 F.2d at 538 (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 545 (5th Cir. 1980)).

### B. Futility

Defendant challenges Plaintiffs' Motion on the grounds that their proposed amendment is time-barred and futile. (*See* Def.'s Opp'n at 6–18.) Because Defendant does not address the other factors under Rule 15, the Court will only consider Plaintiffs' Motion in light of Defendant's challenges. Defendant's arguments are appropriately considered together under the futility factor. *See Moore*, 885 F.2d at 538; *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059–60 (finding that denial of leave to amend when a claim was

time-barred was appropriate because "amending the complaint would have been futile"). (*See* Def.'s Opp'n at 6–16.) The Court will consider each argument in turn.

### 1. Statute of Limitations

California law provides for a three-year statute of limitations in claims for fraud or mistake. *See* Cal. Civ. Proc. Code § 338(d). Further, the same section of the Code of Civil Procedure specifies that "[t]he cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." *Id.* Both parties agree that this is the applicable statute of limitations; however, the parties disagree as to when the claim accrued. (*See* Def.'s Opp'n; Pls.' Reply.) Defendant argues that Plaintiffs "should have discovered the underlying facts giving rise to [their] claim during the effective dates of the policy in 2008" and that Plaintiffs' claim is time-barred as a result. (Def.'s Opp'n at 8.) In response, Plaintiffs contend that "the claim for reformation did not accrue until [Plaintiffs] had some reason to believe that mistake or fraud occurred, *i.e.* when [Defendant] denied the claim." (Pls.' Reply at 4.) Under this theory, Plaintiffs' claim would have accrued in 2017, making it timely. (*See id.* at 1.) *See* Cal. Civ. Proc. Code § 338(d).

The California Court of Appeal has provided several on-point precedents that address the issue of accrual. For example, in *North Star Reinsurance Corp. v. Superior Court*, the Court of Appeal discussed accrual in the context of a reformation claim grounded in mistake. *See* 10 Cal. App. 4th 1815, 1817 (1992). In that case, the Court of Appeal found that the plaintiff's reformation claim accrued on the date that it received a letter from the insurance company that notified the plaintiff of the insurance company's reservation of rights with respect to the plaintiff's claim and set forth the relevant policy language containing the disputed exclusions. *See id.* at 1822–23; *see also Butcher v. Truck Ins. Exch.*, 77 Cal. App. 4th 1442, 1470 (2000) (indicating that the plaintiffs had no reason to investigate their insurance policy until they needed it); *Sully-Jones Contractors, Inc. v. Am. Safety Indem. Co.*, No. 08-CV-1976 BEN (AJB), 2010 WL 1839116, at *7 (S.D. Cal. May 6, 2010) (noting that "the earliest that Plaintiff may had reason to investigate coverage

under the policies [was] when it repaired the alleged defects," but declining to grant summary judgment on the statute of limitations issue).

Although Plaintiffs do not include any dates in their proposed cause of action for reformation, they do incorporate all of their previous allegations into their claim. (Proposed FAC ¶ 66.) After reviewing Plaintiffs' Complaint, the Court notes that Plaintiffs' factual allegations in Paragraph 23 are relevant to the statute of limitations issue. (*See id.* ¶ 23.) In Paragraph 23, Plaintiffs allege that "[w]ith Defendant's knowledge and consent, Plaintiffs continued to investigate the Demand and performed repairs to property damage to the Project." (*Id.*) Further, Plaintiffs assert that "[o]n or about March 27, 2017, Defendant National Union provided Plaintiffs with its first and only coverage position, which disclaimed coverage under a 'Reservation of Rights.'" (*Id.*) The latter allegation is analogous to the set of circumstances in *North Star*, and in that case the California Court of Appeal found that the cause of action accrued when the plaintiff received a letter from the insurance company disclaiming coverage. *See* 10 Cal. App. 4th at 1822–23. As a result, Plaintiffs' allegations in Paragraph 23 function as an assertion that Plaintiffs' cause of action accrued "[o]n or about March 27, 2017." *See id.* (*See* Proposed FAC ¶ 23.) Further, since a challenged motion for leave to amend operates like a motion to dismiss, the Court accepts all factual allegations in the proposed amended complaint as true and construes them in the light most favorable to Plaintiffs for the purposes of their Motion. *See Cahill*, 80 F.3d at 337–38; *see also Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 379 (5th Cir. 2014) ("An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (noting that there is a presumption in favor of granting leave to amend absent an obvious impediment to the viability of the amended pleading). Therefore, the Court finds that Defendant's statute of limitations argument does not bar Plaintiffs' reformation claim with respect to this Motion for Leave to Amend.

- 17 -

18cv0471

## 2. Failure to State a Claim

Defendant also challenges Plaintiffs' Motion for Leave to Amend on the grounds that Plaintiffs' proposed amendment fails to state a claim. (*See* Def.'s Opp'n at 10–16.) Specifically, Defendant alleges that Plaintiffs have set forth insufficient facts to state a claim for reformation based on fraud, mutual mistake, or unilateral mistake. (*See id.*) As part of this argument, Defendant contends that Plaintiffs' pleading of reformation should be subject to the heightened standards of Rule 9(b). (*See id.* at 11.) The Court agrees. Rule 9(b) applies to allegations regarding "fraud or mistake." Fed. R. Civ. P. 9(b); *see also James River Ins. Co. v. Andrade & Assocs.*, No. SACV 10-00318 DOC (ANx), 2010 WL 11595834, at *5–6 (C.D. Cal. Oct. 26, 2010) (applying Rule 9(b) to reformation claim involving unilateral mistake).

Beginning with Plaintiffs' claim for reformation based on fraud, they allege the following:

> The above-described failure of the Policy or Policies to reflect the true intent of the parties resulted from Defendant's false representation to Plaintiffs and/or Plaintiffs' insurance broker that the Policy embodied their intent. Defendant knew that Plaintiffs purchased the Policy or Policies for the purpose of coverage for claims such as the U.S. Government's Demand. Defendant misrepresented the scope of coverage at the time that Plaintiffs purchased the Policy or Policies.

(Proposed FAC ¶ 70.) Plaintiffs also incorporate their previous allegations, including those for fraud, into the claim for reformation. (*See id.* ¶ 66.) As previously noted, in order "[t]o properly plead fraud with particularity under Rule 9(b), 'a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Davidson*, 873 F.3d at 1110 (quoting *Cafasso*, 637 F.3d at 1055). Recalling the Court's determination that Plaintiffs' allegations of fraud satisfied Rule 9(b) in Section II.C.1 of this order, the Court finds that the underlying allegations incorporated into Plaintiffs' claim for reformation are sufficiently pleaded with particularity. Given this determination, the Court concludes that all of the factors laid out by the Ninth Circuit in *Davidson* except the "what"

have been satisfied by the incorporated allegations. *See* 873 F.3d at 1110. Further, the Court finds that by specifically alleging that Defendant was aware of Plaintiffs' intentions in obtaining the coverage, and that "Defendant misrepresented the scope of coverage," Plaintiffs' allegations in Paragraph 70 meet the remaining "what" requirement to comply with Rule 9(b). (Proposed FAC ¶ 70.) Accordingly, Plaintiffs' Motion for Leave to Amend with respect to their claim for reformation based on fraud is **GRANTED**.

Finally, the Court also considers Plaintiffs' claim for reformation based upon bilateral or unilateral mistake. (Proposed FAC ¶ 71.) This claim reads as follows:

> Alternatively, the above-described failure of the Policy or Policies to reflect the true intent of the parties resulted from the parties' mistake, either bilateral or unilateral. It was not the result of any failure of a legal duty on the part of Plaintiffs.

(*Id.*) These conclusory allegations do not satisfy Rule 9(b)'s particularity requirements. *See James River*, 2010 WL 11595834, at *5–6 (rejecting conclusory reformation claim that alleged insurance policy contained unilateral mistake). Nor do these allegations even satisfy Rule 12(b)(6)'s standard. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, the Court concludes that if this claim were to proceed as part of an operative pleading, it would be "subject to dismissal." *See Moore*, 885 F.2d at 538 (citation omitted). Therefore, Plaintiffs' Motion for Leave to Amend with respect to their claim for reformation based upon mistake is **DENIED WITHOUT PREJUDICE**.

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Judgment on the Pleadings (ECF No. 43) and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Leave to Amend (ECF No. 44). The Court **GRANTS** Defendant's Motion with respect to Plaintiffs' claim for punitive damages; however, the Court **GRANTS** Plaintiffs **LEAVE TO AMEND** this claim. The Court **DENIES** Defendant's Motion with respect to all other claims raised. The Court also **GRANTS** Plaintiffs' Motion with respect to their proposed claim for reformation based on

fraud.  However, the Court **DENIES** Plaintiffs' Motion with respect to their claim for reformation based on mistake **WITHOUT PREJUDICE**.

If Plaintiffs choose to amend their complaint, they must do so no later than **April 24, 2020**.  The amended complaint must not include any new allegations except for where the Court granted Plaintiffs leave to amend regarding their punitive damages claim and their proposed reformation claim based on fraud.  Notwithstanding the fact that Plaintiffs may choose to file an amended complaint, the Court **ORDERS** the parties to proceed with discovery on Plaintiffs' remaining claims.  The parties shall contact the Magistrate Judge for a new scheduling order by **April 17, 2020**.

**IT IS SO ORDERED.**

**DATED: April 9, 2020**

Hon. Cynthia Bashant
United States District Judge