# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARPER CONSTRUCTION COMPANY, INC.; HARPER MECHANICAL CONTRACTORS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM | Case No. 18-cv-00471-BAS-NLS <br><br> **ORDER GRANTING:** <br><br> **(1) JOINT STIPULATION (ECF No. 61); and** <br><br> **(2) JOINT MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(B) AND FOR STAY OF ACTION (ECF No. 65)** |

This action arises from an insurance coverage dispute between the Plaintiffs-insureds and Defendant-insurer. In the Order dated March 28, 2019, the Court granted Defendant-insurer's motion for partial summary judgment, finding that Defendant owed no duty to defend or indemnify Plaintiffs under the primary commercial general liability insurance policy at issue. (ECF No. 30.) The parties filed a joint stipulation (ECF No. 61) and moved for an entry of final judgment under Fed. R. Civ. P. 54(b) as to the Court's March 28, 2019 Order. (ECF No. 65.)

Plaintiffs seek to voluntarily dismiss with prejudice their remaining claims—intentional misrepresentation, negligent misrepresentation, promise without intent to perform, and reformation based on fraud—and appeal the Court's March 28, 2019 Order. (ECF No. 61 at 3.)  The parties stipulate that the Court's ruling that Defendant lacked a duty to defend or indemnify Plaintiffs made most of Defendant's counterclaims moot, apart from its third counterclaim on the wrap-up exclusion.[1]  (ECF No. 65 at 5.)  In that claim, Defendant argues that the absolute wrap-up exclusion to the primary policy applies to nullify any duty to defend or indemnify that may exist under the primary insurance policy.  Parties agree that the sole remaining counterclaim would also be made moot if, on appeal, the Court's March 28, 2019 Order is affirmed.  (*Id.*)

"[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The court "must take into account judicial administrative interests" in ruling on the Rule 54(b) motion.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).  Here, the equities do not show a just reason for delay, and it is in the interest of sound judicial administration for the Court to direct an entry of final judgment as to the Court's March 28, 2019 Order.  Plaintiffs have stipulated to voluntarily dismiss the remainder of their claims.  For the Court to reach the third counterclaim would be to issue an advisory opinion, as it is unnecessary to rule on whether some exclusion applies to a duty that the Court has found not to exist.  In other words, there is nothing left for the Court to do, other than to clear the way for the appeal.

Having so found, the joint stipulation (ECF No. 61) and the joint motion (ECF No. 65) are **GRANTED**.  In addition, the Court **STAYS** this action as to all parties and claims pending resolution of the appeal.

//

//

---

[1] Defendant refers to this claim as its "Third Cause of Action (Declaratory Relief Regarding the Absolute Wrap Exclusion)."  (ECF No. 4 at 21–22.)

- 2 -

18cv0471


Case 3:18-cv-00471-BAS-NLS   Document 66   Filed 09/21/20   PageID.1898   Page 2 of 3

Plaintiffs seek to voluntarily dismiss with prejudice their remaining claims—intentional misrepresentation, negligent misrepresentation, promise without intent to perform, and reformation based on fraud—and appeal the Court's March 28, 2019 Order. (ECF No. 61 at 3.)  The parties stipulate that the Court's ruling that Defendant lacked a duty to defend or indemnify Plaintiffs made most of Defendant's counterclaims moot, apart from its third counterclaim on the wrap-up exclusion.[1]  (ECF No. 65 at 5.)  In that claim, Defendant argues that the absolute wrap-up exclusion to the primary policy applies to nullify any duty to defend or indemnify that may exist under the primary insurance policy.  Parties agree that the sole remaining counterclaim would also be made moot if, on appeal, the Court's March 28, 2019 Order is affirmed.  (*Id.*)

"[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The court "must take into account judicial administrative interests" in ruling on the Rule 54(b) motion.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).  Here, the equities do not show a just reason for delay, and it is in the interest of sound judicial administration for the Court to direct an entry of final judgment as to the Court's March 28, 2019 Order.  Plaintiffs have stipulated to voluntarily dismiss the remainder of their claims.  For the Court to reach the third counterclaim would be to issue an advisory opinion, as it is unnecessary to rule on whether some exclusion applies to a duty that the Court has found not to exist.  In other words, there is nothing left for the Court to do, other than to clear the way for the appeal.

Having so found, the joint stipulation (ECF No. 61) and the joint motion (ECF No. 65) are **GRANTED**.  In addition, the Court **STAYS** this action as to all parties and claims pending resolution of the appeal.

//

//

---

[1] Defendant refers to this claim as its "Third Cause of Action (Declaratory Relief Regarding the Absolute Wrap Exclusion)."  (ECF No. 4 at 21–22.)

- 2 -

18cv0471

Accordingly, the Court directs the clerk to:

1. Dismiss with prejudice Plaintiffs' claims for Intentional Misrepresentation, Negligent Misrepresentation, Promise Without Intent to Perform, and Reformation;

2. Enter final judgment in favor of Defendant pursuant to Fed. R. Civ. P. 54(b) as to the Court's March 28, 2019 Order granting Defendant's motion for partial summary judgment (ECF No. 30); and

3. Administratively close the present action pending appeal. *See Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) (holding that "[a]n order administratively closing a case is a docket management tool that has no jurisdictional effect" and is not appealable).

**IT IS SO ORDERED.**

**DATED: September 18, 2020**

Hon. Cynthia Bashant
United States District Judge